1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **CENTRAL DISTRICT OF CALIFORNIA**
10                                  **WESTERN DIVISION**
11
12  MARVIN D. McCALEB,                    )   No. CV 12-8422-JFW (PLA)
                                          )
13            Petitioner,                 )
                                          )   **ORDER DENYING RULE 60(b)**
14       v.                               )   **MOTION AND DISMISSING PETITION**
                                          )
15  UNITED STATES OF AMERICA,             )
                                          )
16            Respondent.                 )
                                          )
17  _____

18        On September 17, 2012, petitioner, who is currently incarcerated at the West Valley
19  Detention Center in Rancho Cucamonga, California, filed a "Petition[] [for] Writ of Habeas Corpus
20  by a [M]an in Federal [C]ustody [P]ursuant to [Federal] [R]ule of [C]ivil [P]rocedure 60-B-5 [sic]"
21  (the "Petition"), and attachments. Because petitioner entitles his filing a "petition for writ of habeas
22  corpus" and also invokes Federal Rule of Civil Procedure 60(b), the Court addresses petitioner's
23  requested relief under habeas law as well as under Rule 60(b).

24        Petitioner was sentenced to life in prison following his 2005 conviction in the United States
25  District Court for the Central District of California in Case No. CR 03-849-CBM.  (See Case No.
26  CR 03-849-CBM, Docket No. 379).  In the Petition, petitioner represents that on March 1, 2012,
27  he mailed to the United States Department of Treasury a "payment instrument" in the amount of
28  $25,000,000, as well as certain tax forms, "for full settlement[,] closure and discharge of the

1  judgment/debt case/account [in] CR-[03]-849-A-[CBM] and release of judgment lien associated
2  with the case/account." (See Petition at 2, Ex. A-2). Petitioner asserts that he is "being held
3  unconstitutionally after the judgment has been satisfied" and is entitled to "immediate release."
4  (Petition at 1-2).

5  Because it appears that petitioner is challenging his continuing confinement, and thus may
6  be challenging the legality of his sentence, the Court must consider as a threshold matter whether
7  it has jurisdiction in this action. "[I]n order to determine whether jurisdiction is proper, a [federal]
8  court must first determine whether a habeas petition is filed pursuant to [28 U.S.C.] § 2241 or §
9  2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.
10 2000). The distinction between a habeas corpus petition under Section 2241, and a motion to
11 vacate, set aside or correct a sentence under Section 2255, directly affects whether a particular
12 district court has jurisdiction to entertain the action. Id. at 865.

13 "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which
14 a federal prisoner may test the legality of his detention, and that restrictions on the availability of
15 a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v.
16 Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007);
17 Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir.), cert. denied, 555 U.S. 911 (2008). A motion
18 under § 2255 must be brought in the sentencing court. See 28 U.S.C. § 2255. On the other hand,
19 a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate vehicle by which a federal
20 prisoner challenges the manner, location or conditions of the execution of his sentence.
21 Hernandez, 204 F.3d at 864. A § 2241 petition must be brought in the district in which the
22 petitioner is in custody. Id. at 865.

23 It is well-established that a federal prisoner may not substitute a § 2241 habeas petition for
24 a § 2255 motion. See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy
25 afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed
26 under § 2255."). Although this Court would have jurisdiction to hear a habeas corpus petition
27 under § 2241 (since petitioner is located in the Central District of California), petitioner's claims
28 in this action directly challenge the legality of his continuing confinement, not the conditions of his

confinement. Thus, petitioner's claims are presumptively cognizable only in a § 2255 motion. The Court observes that petitioner already has a § 2255 Motion pending in this District, which he filed on June 11, 2010.[1] (See Case No. CV 10-4313-CBM).

Moreover, a district court may enter an order for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ... ." Rule 4, Rules Governing Section 2254 Cases (applicable to federal habeas petitions under Rule 1(b)). Summary dismissal is appropriate where the allegations in the petition are "vague [or] conclusory," "palpably incredible," or "patently frivolous or false." See Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (internal citations omitted); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting id.). Here, petitioner asserts that his submission of a payment instrument in the amount of $25,000,000 to the Treasury Department has fully "satisfied" his sentence of life imprisonment, entitling him to "immediate release" from prison. The Court finds that such an allegation is "palpably incredible" and "patently frivolous" under Rule 4. See Blackledge, 431 U.S. at 75-76. Thus, summary dismissal of the Petition is appropriate.

Furthermore, even if the instant filing is construed as a Motion for relief from a judgment under Fed.R.Civ.P. 60(b), the Motion must be **denied**, as petitioner has not satisfied any of the grounds for relief from a judgment set forth in Rule 60(b).[2] As mentioned above, petitioner was sentenced to life in prison following his conviction in Case No. CR 03-849-CBM. Thus, even if it were true that he has paid off any monetary debt associated with Case No. CR 03-849-CBM (and the Judgment in that case reflects that petitioner was only ordered to pay a special assessment

---

[1] To the extent that petitioner intended the Petition and its attachments be made part of his pending 2255 Motion, he should seek amendment of the Motion in that action.

[2] Fed.R.Civ.P. 60(b) provides that, on a motion, a district court may relieve a party from a judgment or order on six grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) relief is appropriate only in "extraordinary circumstances." United States v. Washington, 98 F.3d 1159, 1163 (9th Cir. 1996).

3

1 of $200 (see Docket No. 379)), he has not established any basis for his assertion that his sentence
2 of life imprisonment has, for that reason, been satisfied.
3     Because petitioner has not satisfied any of the grounds for relief from a judgment set forth
4 in Fed.R.Civ.P. 60(b), and because the allegations in the Petition are patently frivolous, the instant
5 filing -- when construed as a Rule 60(b) Motion -- is **denied**, and the Petition is **dismissed**.
6 **IT IS SO ORDERED**.

8 DATED: October 9, 2012

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE